UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

I: A MAN; PROSECUTOR
a/k/a DANIEL-DALE from the FAMILY of [CHRISTISON]                    PLAINTIFF

v.                                                          CIVIL ACTION NO. 3:13CV-1162-H

MISTER KEVIN JAGGERS, ATTORNEY *et al.*                          DEFENDANTS


**MEMORANDUM OPINION**

By Memorandum and Order entered February 6, 2014, the Court denied two virtually identical motions for waiver of fees filed by Plaintiff "Daniel-Dale From the Family of [Christison]." The Court ordered that within 30 days from entry of the Memorandum and Order, that Plaintiff shall either (1) pay in full the $400.00 fee for filing a civil complaint; or (2) file a fully completed Court-supplied, non-prisoner application to proceed without prepayment of fees and affidavit. The Court warned Plaintiff that failure to comply with the Memorandum and Order within the time allotted would result in dismissal of the action for failure to prosecute. Well over 30 days have passed, and a review of the docket sheet reveals that Plaintiff has failed to comply with the Court's Order.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily

understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *See Jourdan*, 951 F.2d at 110.

Plaintiff having failed to comply with an Order of this Court, the action will be dismissed by separate Order.

Date:

cc: Plaintiff, *pro se*
4412.005